UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES J. SMITH,

                         Plaintiff,                  9:11-cv-1075
                                                                (GLS/DRH)

                v.

M. KOELMEL et al.,

                        Defendants.
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Charles J. Smith
Pro Se
96-A-6765
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN    KRISTA A. ROCK
New York State Attorney General    Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff *pro se* Charles J. Smith commenced this action pursuant to

42 U.S.C. § 1983 alleging that his access to the courts has been denied by defendant M. Koelmel and Cecil Muschett.  (*See* Compl., Dkt. No. 1; Dkt. No. 11 at 10-11.)  Pending is defendants' motion for summary judgment, (*see* Dkt. No. 23), and Smith's motion for a preliminary injunction, (*see* Dkt. No. 33).  For the reasons that follow, defendants' motion is granted and Smith's motion is denied as moot.

## II. Background

### A.   Facts[1]

Smith is an inmate in the custody of New York State Department of Corrections and Community Supervision (DOCCS), who at all times relevant to this Complaint was incarcerated at Coxsackie Correctional Facility ("Coxsackie").  (*See* Defs.' Statement of Material Facts (SMF), Dkt. No. 23, Attach. 1 ¶¶ 1, 9.)  In 2011, the year in which his claims are alleged to have occurred, Smith avers that his attempts to mail legal documents were somehow thwarted.  (*See* Compl. at 8-13.)  He also contends that Muschett, a correction officer, refused to provide him with certain supplies necessary to complete his legal work.  (*See id.* at 17.)

Smith—who has an impressive knowledge of New York's Inmate

---

[1] Unless otherwise indicated, the facts are undisputed.

Grievance Program (IGP),[2] (*see* Dkt. No. 27 ¶ 5; Dkt. No. 27, Attach. 1 ¶ 2; Dkt. No. 27, Attach. 2 at 15)—filed a grievance in July 2011 complaining about not being given a particular certified mail return receipt in connection with certain legal documents he mailed from Coxsackie. (*See* Dkt. No. 27, Attach. 1 at 16, 18.) Koelmel, the senior mail and supply clerk at Coxsackie, responded to Smith's grievance with an explanation as to why the certified mail return receipt could not be returned to him, namely that "if [Smith] does not put his name and DIN# on his Certified/Return Receipt the post office cannot return [it] to [Coxsackie]." (*Id.* at 19.) The grievance was apparently decided against him by the Inmate Grievance Resolution Committee, however, and Smith appealed that determination. (*See id.* ¶¶ 14-15, at 16.) On appeal, the superintendent also denied the grievance. (*See id.* ¶¶ 19-20, at 16.)

**B.   Procedural History**

Smith commenced this action on September 12, 2011 by filing a forty-four-page Complaint, which alleged a host of claims against several defendants, and a motion for leave to proceed *in forma pauperis* (IFP). (*See* Compl.; Dkt. No. 2.) This court granted Smith's IFP application and,

---

[2] N.Y. Comp. Codes R. & Regs tit. 7, pt. 701 (2012).

upon review pursuant to 28 U.S.C. § 1915(e), dismissed all claims against defendants named in the Complaint without prejudice to amend, but accepted for filing potential claims against Koelmel and Muschett. (*See generally* Dkt. No. 11.) In particular, this court acknowledged that Smith apparently alleges that: (1) "Koelmel interfered with his legal mail between June and August 2011"; and (2) "Muschett refused to provide him with the necessary law library supplies to properly complete his legal work." (Dkt. No. 11 at 10.) Thus, the court added Koelmel and Muschett as defendants. (*See id.* at 11.) Before filing an answer, defendants moved for summary judgment. (*See* Dkt. No. 23.) Smith responded,[3] (*see* Dkt. Nos. 27, 30), and moved for a preliminary injunction, (*see* Dkt. No. 33).

### III. Standard of Review

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011).

### IV. Discussion

---

[3] The court notes that Smith failed to serve his response on Koelmel and Muschett as required by the rules.

4

In support of their motion for summary judgment, Koelmel and Muschett argue, among other things, that Smith's failure to exhaust his administrative remedies requires dismissal of the claims against them. (*See* Dkt. No. 23, Attach. 2 at 3-7.)  In their reply, defendants also highlight that Smith's response, which indicates his displeasure with the court's addition of Koelmel and admission that Koelmel's personal involvement is unclear to him, requires dismissal of Koelmel.  (*See* Dkt. No. 29 at 2.)

In opposition, Smith claims that he exhausted his remedies with respect to his legal mail claim, (*see* Dkt. No. 27 ¶ 6; Dkt. No. 27, Attach. 1 ¶¶ 10-27; Dkt. No. 27, Attach. 2 at 11), and that he did not file a grievance pertaining to the denial of legal supplies because he feared retaliation, which he "deem[s] an emergency to bypass the grievance process," (Dkt. No. 27, Attach. 2 at 13-14, 16).  Although for reasons slightly different than those articulated by Koelmel and Muschett, the court agrees that the claims against them should be dismissed for failure to exhaust administrative remedies.

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted."  42 U.S.C.

5

§ 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "An inmate's failure to comply with [the exhaustion] requirement may be excused where: (1) administrative remedies were not in fact available to the prisoner, (2) defendants' own actions inhibit[ed] exhaustion, or (3) special circumstances . . . justify non-exhaustion." *Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011) (internal quotation marks omitted); *accord Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004).

   As this court previously articulated in its March 2012 Memorandum-Decision and Order, (*see* Dkt. No. 11 at 10-11), Smith's Complaint indicates that he is making claims against Koelmel and Muschett for violating his right of access to the courts, (*see generally* Compl. at 8-17). In particular, Smith labels his first cause of action "Denial of Access to the court," and implicates Koelmel as "fabricat[ing] mail/mailage—under certify register—information (equivalent to mail fraud . . . )." (*Id.* at 14.) In his claim regarding Muschett, Smith asserts that he "—under the instructions of Supt. Martuscello and in collusion/conspiracy with Sr. Mail Room clerk

6

and supply Clerk Mr. M. Koelmel[] Respondent Superior—did in fact participat [sic] in such deprivation of my rights to acces [sic] to the court via denying me also, of supplies," which included pens.  (*Id.* at 17.)

It is well-established "that prisoners have a constitutional right of access to the courts," which includes, among other things, the provision of certain supplies relevant to prisoner litigation.  *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977).  A prisoner's right of access to the courts is also implicated by interference with legal mail.  *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003).  In order to state a claim for mail interference, "a plaintiff must allege that the defendant took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim."  *Id.* (internal quotation marks and citations omitted).

Here, Smith failed to exhaust the administrative remedies available to him through the IGP.  While Smith filed a grievance related to his legal mail, the only issue he raised therein involved not receiving a "'green' and 'white' ticket receipt [t]hat one get [sic] back when you send mail to the post office" when he mailed legal documents in June 2011.  (*See* Dkt. No. 27, Attach. 1 at 18.)  Regardless of whether Smith timely appealed the denial of his grievance to the superintendent and Central Office Review

Committee—which would have exhausted his administrative remedies, *see* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5—his grievance does nothing to suggest that his effort to pursue a legal claim was hindered.  Put another way, Smith grieved a different issue than the one that underpins his interference with mail claim.  Whether or not a certified mail return receipt was provided to Smith after his legal documents were mailed bears no apparent relationship to his right to have mail processed for delivery.  It is also clear that Smith, who makes no relevant arguments, is not excused from exhausting his administrative remedies.

Turning to Muschett, it is also apparent that Smith failed to exhaust his administrative remedies as against him.  Smith readily admits that he filed no grievance with respect to Muschett.  (*See* Dkt. No. 27, Attach. 1 ¶ 24; Dkt. No. 27, Attach. 2 at 12, 13-14, 16.)  Instead, Smith alleges that he "feared retaliation" from Muschett in light of his "sometime[s] radical character and threat(s) of keep-locking [Smith]," and, therefore, Smith "deem[ed] an emergency to bypass the grievance process."  (Dkt. No. 27, Attach. 2 at 13, 14, 16.)  Essentially, Smith is attempting to invoke the first

two exceptions to exhaustion—i.e., availability and estoppel.[4]

Given that "[t]he test for deciding whether the ordinary grievance procedures were available must be an objective one: that is, would 'a similarly situated individual of ordinary firmness' have deemed them available," *Hemphill*, 380 F.3d at 688 (quoting *Davis*, 320 F.3d at 353), Smith's conclusory allegations that he was fearful of retaliation in this case are insufficient, (*see* Dkt. No. 27, Attach. 2 at 13, 14, 16).[5]  First, Smith's accusation that he was threatened with keep lock is belied by his later assertion that he "took a chance with grieving the mail issue, but decided not to grieve the legal supply issue under C.O. . . . Muschett due to their [sic] potential to retaliate under 'color of Badge.'" (Dkt. No. 27, Attach. 2 at 13, 14.)  The court is hard-pressed to square Smith's illogical claim that he

---

[4] Clearly, "special circumstances" do not exist in this case.  Indeed, Smith is well-versed in the IGP and makes no argument regarding the existence of special circumstances.  (*See* Dkt. No. 27 ¶ 5; Dkt. No. 27, Attach. 1 ¶ 2; Dkt. No. 27, Attach. 2 at 15.)

[5] It is noted that factual questions related to exhaustion are for the court to decide provided that those issues "are not bound up with the merits of the underlying dispute." *Messa*, 652 F.3d at 309.  While the court may hold an evidentiary hearing, where, as here, the allegations themselves do not sufficiently demonstrate that an exception applies, a hearing is not required.  *See Benjamin v. Comm'r of Corr. Dep't of State*, 375 F. App'x 114, 117 (2d Cir. 2010).

was afraid to grieve one issue but not another. In any event, the inquiry is objective, and an individual of ordinary firmness would have deemed the grievance procedures available. Moreover, the fact that Smith filed a grievance regarding a different issue at approximately the same time,[6] demonstrates that remedies were in fact available to Smith and he availed himself of them.

Next, Muschett is not estopped from asserting failure to exhaust. "Estoppel of a non-exhaustion defense requires some evidence of threats or other conduct by [the defendant] that could reasonably be understood as intended to inhibit [the plaintiff] from pursuing administrative remedies for the alleged [wrong]." *Singh v. Lynch*, 460 F. App'x 45, 48 (2d Cir. 2012). Here, Smith claims that he feared retaliation by Muschett. (*See, e.g.*, Dkt. No. 27, Attach. 2 at 14, 16.) It is unclear, however, if Muschett's alleged threat was made to deter Smith from filing a grievance.[7] In any event, for

---

[6] As the court previously noted, Smith failed to allege any specific date that Muschett denied him legal supplies. (*See* Dkt. No. 11 at 10 n.8.)

[7] In sum, Smith stated as follows regarding Muschett's "threat(s)":
> I however didn't bother to file a grievance concerning concerning [sic] the conduct of office [sic] Cecil Muschette [sic]. Because of His sometime radical character and threat(s) of keep-locking me, of which I saw no reason for such conduct which forced me to

reasons similar to those stated above, namely that Smith filed a separate grievance at approximately the same time of Muschett's alleged conduct, "the facts here simply do not demonstrate threats by [Muschett] targeted at preventing [Smith] from filing a formal grievance so as to make these procedures 'effectively unavailable' for an inmate in [Smith]'s position or otherwise to estop [Muschett] from raising the exhaustion defense." *Snyder v. Whittier*, 428 F. App'x 89, 92 (2d Cir. 2011). Because Smith failed to exhaust his administrative remedies with respect to Koelmel and Muschett, they are dismissed with prejudice. *See Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004).[8]

## V. Conclusion

---

> conduct my legal pursuits and decisions rationally. And to avoid filing of a grievance against officer C. Muschett and chancing the retaliation of a keep-lock, which eventually he did acted [sic] through another officer and caused what is called an informal lock-up confining you to your cell missing your meal at the facility's mess-hall and going to bed hungry. Such conduct I deem an emergency to bypass the grievance process. And due to retaliation.

(Dkt. No. 27, Attach. 2 at 13-14.)

[8] Because the remaining claims have been dismissed, Smith's motion for a preliminary injunction, (*see* Dkt. No. 33), is denied as moot.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Koelmel and Muschett's motion for summary judgment (Dkt. No. 23) is **GRANTED**; and it is further

**ORDERED** that Koelmel and Muschett are terminated as defendants with prejudice; and it is further

**ORDERED** that Smith's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that Smith may—in accordance with requirements of Fed. R. Civ. P. 15 and N.D.N.Y. L.R. 7.1(a)(4)—file an Amended Complaint, if he can, in good faith, allege sufficient facts to cure the deficiencies articulated in this court's March 2012 Memorandum-Decision and Order, within **thirty (30) days** of this order; and it is further

**ORDERED** that, if Smith does not file an Amended Complaint within **thirty (30) days** of this order, the Clerk is directed to enter judgment for the defendants and close this case; and it is further

**ORDERED** that Smith's motion for a preliminary injunction (Dkt. No. 33) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 18, 2012
Albany, New York

*[signature: Gary L. Sharpe]*
Gary L. Sharpe
Chief Judge
U.S. District Court