UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHARLES J. SMITH,

                Plaintiff,

     v.                                                      9:11-CV-1075
                                                          (GLS/CFH)

BRIAN FISCHER, et al.,

                Defendants.

---

APPEARANCES:

CHARLES J. SMITH
96-A-6765
Plaintiff, pro se
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

HON. ERIC T. SCHNEIDERMAN         KRISTA A. ROCK, ESQ.
New York State Attorney General       Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

GARY L. SHARPE
Chief United States District Judge

## DECISION AND ORDER

### I.    INTRODUCTION

       Plaintiff pro se Charles J. Smith commenced this action pursuant to 42 U.S.C. § 1983 alleging that his access to the courts was denied by defendants M. Koelmel and Cecil Muschett. Dkt. No. 1 ("Compl."). By Memorandum-Decision and Order filed September 18, 2012, this Court granted defendants' motion for summary judgment (Dkt. No. 23), but afforded plaintiff an opportunity to submit an amended complaint. Dkt. No. 40 (the "September 2012 Memorandum-Decision and Order"). Presently before the Court for review

is plaintiff's amended complaint. Dkt. No. 43 ("Am. Compl.").[1]  For the reasons set forth below, this action is dismissed for failure to state a claim upon which relief may be granted.

## II. DISCUSSION

### A. Relevant Background

Plaintiff commenced this action on September 12, 2011 by filing a forty-four-page complaint, which alleged a host of claims against several defendants, and a motion for leave to proceed in forma pauperis.  Compl.; Dkt. No. 2 ("IFP Application").  By Memorandum-Decision and Order filed March 22, 2012, this court granted plaintiff's IFP Application and, upon review pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, dismissed all claims against defendants named in the complaint without prejudice to amend, but accepted for filing potential claims against Koelmel and Muschett.  *See generally* Dkt. No. 11 (the "March 2012 Memorandum-Decision and Order").  In particular, this court acknowledged that Smith apparently alleged that: (1) "Koelmel interfered with his legal mail between June and August 2011"; and (2) "Muschett refused to provide him with the necessary law library supplies to properly complete his legal work."  March 2012 Memorandum-Decision and Order at 10.  Thus, the court added Koelmel and Muschett as defendants, and directed service of the complaint as to them.  *See id.* at 11.  Before filing an answer, defendants moved for summary judgment arguing, among other things, that plaintiff's failure to exhaust his administrative remedies required dismissal of the claims against them.  *See* Dkt. No. 23.  Plaintiff opposed the motion (Dkt. Nos. 27, 30). In the September 2012 Memorandum-Decision and Order, the Court found that plaintiff failed to exhaust his administrative remedies with respect to Koelmel

---

[1] Plaintiff submitted two amended complaints.  Dkt. Nos. 41, 43.  The second, which was docketed as the "Revised Amended Complaint," *see* Dkt. No. 43, replaced and superceded the earlier version, and is the operative pleading under review.

and Muschett, and therefore they were dismissed with prejudice and the complaint was dismissed in its entirety. September 2012 Memorandum-Decision and Order at 11-12. However, plaintiff was afforded an opportunity to file an amended complaint, "if he can, in good faith, allege sufficient facts to cure the deficiencies articulated in this Court's March 2012 Memorandum-Decision and Order." *See* September 2012 Memorandum-Decision and Order at 12.

### B. The Amended Complaint

The Court has reviewed the amended complaint (Dkt. No. 43) for compliance with the March 2012 Memorandum-Decision and Order in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. The legal standard governing review of a complaint pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A was discussed at length in the Court's March 2012 Memorandum-Decision and Order, and will not be restated here. Plaintiff's amended complaint is disjointed and confusing at best, and, at times illegible. A review of the amended complaint demonstrates that it does not cure the deficiencies identified in the March 2012 Memorandum-Decision and Order and in all events, fails to state a claim upon which relief may be granted.

Plaintiff's amended complaint names as defendants the following: (1) the Attorney General of the State of New York; (2) the Senior Inmate Counselor at Coxsackie Correctional Facility ("Coxsackie C.F."); (3) Judge Carol Berkman, New York State Superior Court, Manhattan County; (4) Commissioner Fischer; (5) Deputy Commissioner/Director of Special Housing; and (6) the New York State Department of Corrections and Community Supervision ("DOCCS"). Am. Compl. at 2. With the exception of Commissioner Fischer and DOCCS, none of these defendants were included in the original complaint. The majority of the

amended complaint is a rambling compilation of conclusory claims relating to plaintiff's alleged illegal conviction and imprisonment; the alleged corruption and pervasive racial discrimination in the state courts, and in particular in the New York State Supreme Court, Manhattan County; and plaintiff's alleged denial of access to the courts during his confinement at Coxsackie C.F.  *See generally* Am. Compl.

In response to the amended complaint, defendants have filed a motion requesting that the amended complaint be stricken for failure to comply with the September 2012 Memorandum-Decision and Order because it does not "allege facts which cure the deficiencies set forth in the March 2012 [Memorandum-Decision and] Order."  Dkt. No. 44. Defendants also ask that, in light of plaintiff's non-compliance, this case be closed.  *Id.*

### 1. Challenge to Conviction or Continued Incarceration

Construed liberally, plaintiff alleges that defendant Judge Berkman convicted him of a crime he did not commit, and defendants Judge Berkman, Commissioner Fischer, and the Commissioner/Director of the Special Housing Unit are responsible for his continued illegal incarceration.[2]  *See generally* Am. Compl.  Plaintiff seeks a new trial, reversal of his conviction, release from custody, and monetary damages.  *Id.* at 22.  As plaintiff was already advised in the March 2012 Memorandum-Decision and Order, insofar as plaintiff is attempting to challenge the fact or duration of his conviction or confinement, such a claim is

---

[2]  For example, plaintiff claims that the Manhattan County Supreme Court, along with DOCCS, conspires "to not have Inmates produced in court [to challenge] their illegal custody," Am. Compl. at 8-9; the State of New York has "illegal custody over [plaintiff]," *id.* at 12; Judge Berkman "perform[ed] an Hoax trial . . . devoid of constitutional protection only for the purpose of sending [plaintiff] to . . . DOCCS," *id.* at 13; Commissioner Fischer illegally incarcerated plaintiff when he "received 'and' accepted fraudulent and illegally constructed commitment papers formed on corrupted and illegal court proceedings" and continues to confine plaintiff despite his innocence, *id.* at 17; and Judge Berkman "illegally tried" plaintiff in 1996 and "fraudulently convicted [plaintiff] of a crime [he] did not do." *id.*

4

not actionable under Section 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff must seek such relief by way of a habeas corpus petition. *Id.*

To the extent plaintiff seeks monetary damages for his alleged illegal confinement, in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a § 1983 action seeking money damages for an alleged illegal conviction or sentence is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at 486-87. "*Heck* uses the word 'sentence' interchangeably with . . . 'continuing confinement' and 'imprisonment,'" thus, any shortening of a term of confinement will be subject to the rule in *Heck*. *Wilkinson v. Dotson*, 544 U.S. 74, 83-84 (2005) (quoting *Heck*, 512 U.S. at 483, 486) (other citation omitted); *see also Jude v. New York State*, No. 07 Civ. 5890, 2009 WL 928134, at *6 (S.D.N.Y. Mar. 30, 2009) (citing cases).

Here, plaintiff's claim for monetary damages is predicated upon his assertion that his criminal conviction and his continued incarceration are illegal. The allegations in the complaint are not sufficient to allow the Court "to draw the reasonable inference" that plaintiff has been illegally detained or that his conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.[3]

---

[3] Additionally to the extent plaintiff seeks money damages from DOCCS or from any of the defendants in their official capacity, the Eleventh Amendment protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought, unless the state has consented to filing such a suit. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). This absolute immunity extends both to state agencies, and in favor of state officials sued for damages in their official capacities when the essence of the claim involved seeks recovery from the state as the real party in interest. *Richards v. State of New York Appellate Div., Second Dep't*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (citing *Cory v. White*, 457 U.S. 85 (1982) and *Alabama v. Pugh*).

Accordingly, plaintiff's challenge to his conviction or continued incarceration fails to state a claim upon which relief may be granted.

### 2. Judge Carol Berkman

Plaintiff appears to allege that Judge Berkman of the Manhattan County Supreme Court "illegally" convicted him of a crime that he did not commit and "perform[ed] a Hoax trial." Am. Compl. at 13, 17. The law in this Circuit clearly provides that "[j]udges enjoy **absolute immunity** from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young*, 41 F.3d at 51 (internal quotations omitted).

Although judges are not absolutely immune from actions for prospective injunctive relief, under the Federal Courts Improvement Act of 1996, injunctive relief against a judicial actor is limited to situations in which a declaratory decree was violated or where declaratory relief was unavailable. *Montero v. Travis*, 171 F. 3d 757, 761 (2d Cir. 1999) (citing the Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983)); *see also Hili v. Sciarrotta*, 140 F.3d 210, 215 (2d Cir. 1998). Here, nothing in the amended complaint to plausibly suggests that defendant Judge Berkman violated a declaratory decree, or that declaratory relief was unavailable.

Plaintiff's claims against Judge Berkman are barred by absolute immunity.

### 3. The Attorney General of the State of New York

Plaintiff alleges that the Attorney General "participate[d] in [the] racism" which is pervasive in the state courts "when having to appear to answer [plaintiff's] habeas corpus in

6

the supreme court, [he] conspired with the DOCS/DOCCS and the Sr. Counselor's department of the Coxsackie Prison to have [plaintiff's] habeas corpus illegally converted to an [Article] 78 proceeding."  Am. Compl. at 19.  Plaintiff seeks monetary damages.  *Id.* at 21.

State prosecutors are absolutely immune from claims arising from conduct "intimately associated with the judicial phase of the criminal process."  *Blouin v. Spitzer*, 356 F.3d 348, 357 (2d Cir. 2004) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  Additionally, the Second Circuit has clearly determined that assistant attorneys general are entitled to absolute immunity from claims arising out of their actions in defending a civil suit for the State of New York.  *Barrett v. United States*, 798 F.2d 565, 571 (2d Cir. 1986) (citing *Imbler*, 424 U.S. 409; *Butz v. Economou*, 438 U.S. 478, 513-17 (1978)); *see also Borcsok v. Crowe*, 310 Fed. App'x 460, 461, 2009 WL 393618, at *1 (2d Cir. 2009) (affirming the district court's conclusions that the government attorneys who represented New York State in an Article 78 proceeding brought by plaintiff are entitled to absolute immunity).  "The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation...."[4]  *Barrett*, 798 F.2d at 571-72.  Further, "[t]he fact that [the government attorney] may or may not have engaged in questionable or harmful conduct during the course of his representation of the State in that litigation is irrelevant.  The immunity attaches to his function, not to the manner in which he performed it."[5]  *Id.* at 573.

---

[4] In fact, the Second Circuit has extended this immunity to cover claims of an extrajudicial conspiracy, so long as the acts complained of were performed while advocating for the state.  *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995).

[5] The examination of whether absolute immunity applies focuses on the conduct engaged in and the role of the defendant, government attorney.  *Blouin*, 356 F.3d at 357 (citing *Forrester v. White*, 484 U.S. 219, 229 (1988)).  If the action complained of stems from the traditional role of the government-attorney advocate in

7

Here, the actions taken by defendant Attorney General occurred in the course of representing the state in court proceedings, therefore the Attorney General is entitled to absolute immunity against claims for monetary damages.

### 4. Senior Inmate Counselor

Plaintiff claims that the Senior Inmate Counselor at Coxsackie C.F. is the person who is responsible for denying him access to the Courts at Coxsackie C.F. in 2011 when, after being "tipped off [about] the legal brief ([plaintiff's] Habeas Corpus)", the Senior Inmate Counselor "ordered [that it] not leave the jail."  Am. Compl. at 15.

To state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating both (1) that the defendant acted deliberately and maliciously, and (2) that the plaintiff suffered an actual injury.  *Lewis v. Casey*, 518 U.S. 343, 353 (1996); *Renelique v. Duncan*, No. 9:03-CV-1256, 2007 WL 1110913, at *9 (N.D.N.Y. Apr. 12, 2007) (Strom, J.) (citing *Howard v. Leonardo*, 845 F. Supp. 943, 946 (N.D.N.Y. 1994)).  Thus, the Court must determine whether plaintiff has demonstrated that a nonfrivolous legal claim has been frustrated or impeded because of defendant's conduct.  *See Lewis*, 518 U.S. at 353.  Here, plaintiff alleges that despite the attempt by the Senior Inmate Counselor to "block" delivery of plaintiff's Habeas Corpus brief, it "in fact got by their illegal mail blockade." Am. Compl. at 15.  Thus, plaintiff has not demonstrated that the Senior Inmate Counselor's misconduct was the cause an actual injury required for this claim.[6]

---

litigation, the defendant is absolutely immune from suit.  *Blouin*, 356 F.3d at 357; *see also Parkinson v. Cozzolino*, 238 F.3d 145 (2d Cir. 2001); *Spear v. Town of West Hartford*, 954 F.2d 63 (2d Cir. 1992).

[6] Although plaintiff claims that his habeas petition was improperly converted to an Article 78 proceeding ***after*** it was received in state court, or that it was otherwise ***improperly addressed by the state court***, this alleged misconduct is not attributable to this defendant.

8

### 5. Commissioner Fischer and Deputy Commissioner/Director of SHU

Insofar as plaintiff claims that Commissioner Fischer and the Deputy Commissioner/Director of SHU have illegally incarcerated him, as discussed herein above, plaintiff fails to state a claim upon which relief may be granted. *See* Part II.B.1., *supra.*

Plaintiff also appears to allege that Commissioner Fischer is responsible for the wrongdoing of his subordinates. The Court previously dismissed Commissioner Fischer because plaintiff had alleged no facts to plausibly suggests that Fischer was personally involved in any of the alleged constitutional or statutory violations. *See* March 2012 Memorandum-Decision and Order at 8-9. Instead, it appeared that plaintiff based his theory of liability solely on Fischer's role as the Commissioner of DOCCS. *Id.* at 9. Despite this, plaintiff has again included Fischer as a defendant, and again his theory of liability is based solely on Fischer's role as Commissioner of DOCCS.

Plaintiff has failed to state a claim against Commissioner Fischer or the Deputy Commissioner/Director of SHU .

### 6. Remaining Claims

After reading plaintiff's amended complaint (Dkt. No. 43) in its entirety, and according it the utmost liberality in light of his pro se status, the Court is not able to discern either a factual or legal basis for this action. Plaintiff has not set forth any allegations of fact which could be read or interpreted to even suggest the existence of a cognizable claim for the violation of plaintiff's constitutional or statutory rights. Indeed, many of the allegations appear to be so without an arguable basis in law or fact that they could be considered frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a complaint is frivolous when it "lacks an arguable basis either in law or in fact.").

### III.   CONCLUSION

For the reasons set forth above, and this Court's prior Orders, and because plaintiff has already had one opportunity to amend his claims, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, as follows:  (1) plaintiff's challenge to his conviction and sentence is dismissed without prejudice;[7] and (2) the remaining claims are dismissed with prejudice.

**WHEREFORE**, it is hereby

**ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, as follows: (1) plaintiff's challenge to his conviction and sentence is **DISMISSED without prejudice**; and (2) the remaining claims are **DISMISSED with prejudice**.  The Clerk is directed to enter judgment accordingly and close this case; and it is further

**ORDERED** that defendants' motion (Dkt. No. 44) to strike the amended complaint is **DENIED as moot**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: March 7, 2013
      Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court

---

[7]  *See Amaker v. Weiner*, 179 F.3d 48 (2d Cir. 1999) (dismissal under *Heck* is without prejudice; if plaintiff's conviction or sentence is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).